UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CREANOVA INC., and<br>HPG INTERNATIONAL, INC.<br>  Plaintiffs,<br><br>v.<br><br>MCACTON II, INC. a.k.a. M-ACTON II, INC.,<br>BREED INC.,<br>EDENS & AVANT NORTHEAST, INC. a.k.a.<br>E&A NORTHEAST, L.P. a.k.a. EDENS & AVANT, INC.,<br>And SAMUELS AND ASSOCIATES, INC.<br>  Defendants | 04-12385 WGY<br><br>RECEIPT # _____<br>AMOUNT $ _____<br>SUMMONS ISSUED ____<br>LOCAL RULE 4.1 _____<br>WAIVER FORM _____<br>MCF ISSUED _____<br>BY DPTY. CLK. _____<br>DATE _____ |

**COMPLAINT**

MAGISTRATE JUDGE _____

PARTIES

1.  The Plaintiff, Creanova, Inc. ("Creanova") is a Delaware corporation with a principal place of business in Parsippany, New Jersey.

2.  The Plaintiff, HPG International, Inc. ("HPG") is a Delaware corporation with its principal place of business in Somerset, New Jersey.

3.  The Defendant, McActon II, Inc. a.k.a. M-Acton II, Inc. ("McActon II"), is a commercial property investment corporation organized under the laws of Massachusetts, and a wholly owned subsidiary of Middlesex Savings Bank a.k.a. Middlesex Savings Charitable Foundation, that maintains a place of business at 6 Main Street, Natick, Massachusetts.

4.  At all times material hereto, McActon II regularly and systematically engaged in the business of purchasing and selling commercial properties in and about this judicial district.

5.  The Defendant, Breed Inc. ("Breed"), is a commercial property management corporation organized under the laws of Massachusetts, which maintains a place of business at 277 Oak Hill Circle, Concord, Massachusetts.

6.  At all times material hereto, Breed regularly and systematically conducted the business of providing commercial property management services in and about this judicial district.

7.  The Defendant, Edens & Avant Northeast, Inc. a.k.a. E&A Northeast, L.P. a.k.a. Edens and Avant, Inc. ("Edens & Avant"), is a commercial property investment corporation organized under the laws of Massachusetts, which maintains a service agent at CT Corporation System at 101 Federal Street, Boston, Massachusetts

8. At all times material hereto, Edens & Avant regularly and systematically engaged in the business of purchasing and selling commercial properties in and about this judicial district.

9. The Defendant, Samuels & Associates, Inc. ("Samuels & Assoc."), is a commercial property investment and management corporation organized under the laws of Massachusetts, which maintains a place of business at 333 Newbury Street, 2nd Floor, Boston, Massachusetts.

10. At all times material hereto, Samuels & Assoc. regularly and systematically conducted the business of purchasing and managing commercial property in and about this judicial district.

## JURISDICTION AND VENUE

11. This Court has jurisdiction of this civil action, pursuant to 28 U.S.C., § 1332, because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

12. This Court is the proper venue for this action, pursuant to 28 U.S.C., § 1391, in that a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property that this the subject of the action is situated in Acton, Middlesex County, Massachusetts, which is within this judicial district.

## FACTS

13. At all material times, Ames Department Store ("Ames") was a tenant in a building located at 389 Massachusetts Avenue, Acton, Massachusetts ("the subject premises") where it operated a retail facility.

14. At all material times, the Defendants, McActon II and/or Edens & Avant owned, controlled, and operated the subject premises.

15. At all material times, the Defendants, Breed, Inc. and/or Samuels & Assoc. managed, controlled, and operated the subject premises.

16. On or about October 14, 1988, McActon II was the owner of the subject premises and contracted with HPG (then Dynamit) for the purchase of a Trocal Roofing system. This contract delineated and limited the rights and obligations of the parties.

17. The October 14, 1988 contract (the "contract") was executed by Robert Breed of Breed, Inc. on behalf of McActon II.

18. On or about October 1988, McActon II retained and contracted for the services of Breed, Inc., a professional commercial property management company to maintain and inspect the subject premises including advising, counseling and informing the owner of any present or anticipated deficiencies, problems, required repairs and other conditions of the subject

2

premises, including the roofing system.

19. On or about October 4, 1996, HPG (then Dynamit) issued correspondence to McActon II informing it that the non-reinforced Trocal Roofing Membrane at the subject premises may fail.

20. On or about October 25, 1996, HPG issued (then Dynamit) correspondence to McActon II and Breed Inc. stating that the non-reinforced Trocal Roofing Membrane at the subject premises may fail.

21. HPG (then Dynamit) received no response from Breed or McActon II.

22. In or around early 1998 negotiations began for the sale of the subject premises to Edens & Avant.

23. On or about April 14th, 1998, and in anticipation of the purchase of the subject premises, an Edens & Avant employee, Hall Cottingham, conducted a property inspection of the subject premises including the roof and noted water ponding on the roof.

24. On or about May 26th, 1998, and in anticipation of the purchase of the subject premises, Edens & Avant employee, Joseph Edens, III, inspected the subject property including the roof.

25. On or about July 9, 1998, HPG sent a second letter to Breed Inc. indicating that HPG's records reflect that the Acton property has not elected to replace the roof and urging Breed to reconsider its course of action.

26. On or about July 16, 1998, Robert Breed of Breed Inc. responded to the HPG's letter expressing his confusion of regarding which property the letter is referring to.

27. On or about July 23, 1998, HPG's sent another letter to Breed notifying him that the Acton property is the property in question.

28. On or about July 27, 1998, Breed sent a letter to HPG notifying HPG that he was no longer the property manager for the Acton property and that Samuels & Associates had taken over management. Upon receiving this notification, HPG resent the notification letter to Samuels & Associates.

29. On or about August 6, 1998, HPG left a detailed voice message for Larry Guilmette of Samuels & Associates regarding potential replacement of the roof.

30. On or about August, 1998, Edens & Avant acquired the subject premises.

31. On or about August, 1998, Edens & Avant retained and contracted for the services of Samuels & Assoc., a full service commercial real estate company which owns and manages properties to maintain and regularly inspect the subject property including advising,

counseling and informing the owner of any present or anticipated deficiencies, problems, required repairs and other conditions of the subject premises, including the roofing system pursuant to a contract.

32. On or about October 14, 1998, the warranty expired for the Trocal roofing system installed on the subject premises.

33. On or about January 9th, 1999 the roof of the subject premises allegedly underwent a sudden failure whereby the roofing surface shattered, causing financial damages to Ames.

34. On or about October 25, 2001, St. Paul and Fire and Marine Insurance Company, as Subrogor of Ames Department Stores ("St. Paul") instituted an action in this Court (Civil Action No.: 01-11835WGY) against HPG and Creanova alleging negligence and breach of warranty. HPG and Creanova deny these allegations. To the extent that the plaintiffs are found to be liable to St. Paul, however, the defendants are jointly liable as joint tortfeasors.

35. At all times material hereto, the said Defendants, and each of them acted by and through their respective employees, agents, servants and workmen, each of whom was working in the course of his employment and within the scope of his authority, subject to the control and discretion and for the benefit of his respective principal and employer, the aforesaid Defendants.

36. The aforesaid roof incident and resulting damages was caused proximately by the negligence and improper inspection and maintenance, and other culpable conduct of McActon II, as a result of which, McActon II is liable to the Plaintiffs.

37. The aforesaid roof incident and resulting damages was caused proximately by the negligence and improper inspection and maintenance, and other culpable conduct of Breed Inc., as a result of which, Breed Inc. is liable to the Plaintiffs.

38. The aforesaid roof incident and resulting damages was caused proximately by the negligence and improper inspection and maintenance, and other culpable conduct of Edens & Avant, as a result of which, Edens & Avant is liable to the Plaintiffs.

39. The aforesaid roof incident and resulting damages was caused proximately by the negligence and improper inspection and maintenance, and other culpable conduct of Samuels and Assoc., as a result of which, Samuels and Assoc. is liable to the Third Party Plaintiffs.

## CAUSES OF ACTION

### COUNT I
(Plaintiffs v. McActon II - Contribution)

40. The Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs as if the same were recited herein fully.

41. To the extent that the Plaintiffs are deemed to have participated in the alleged failure of the roofing system, liability for which is expressly denied, the Plaintiffs are entitled to contribution from McActon II as a joint tortfeasor.

42. If the Plaintiffs are liable to St. Paul, then McActon II must be held jointly liable, as a joint tortfeasor.

WHEREFORE, the Plaintiffs demand judgment against McActon II for contribution pursuant to G.L. c. 231B.

## COUNT II
(Plaintiffs v. McActon II - Indemnity)

43. The Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs as if the same were recited herein fully.

44. To the extent that the Plaintiffs are deemed to have participated in the alleged failure of the roofing system, liability for which is expressly denied, the Plaintiffs are entitled to indemnification from McActon II.

45. If the Plaintiffs are liable to St. Paul Insurance, then McActon II must indemnify the Plaintiffs where the Plaintiffs' liability, if any, is purely derivative.

WHEREFORE, the Plaintiffs demand judgment against McActon II for indemnity, along with interests and costs.

## COUNT III
(Plaintiffs v. McActon II – Breach of Contract)

46. The Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs as if the same were recited herein fully.

47. The Plaintiffs and McActon II entered into a contract, dated October 14, 1988.

48. McActon II breached its obligations to the Plaintiffs pursuant to the contract between the parties including, but not limited to negligently maintaining, altering or repairing the roof which is the subject of this litigation, negligently failing to obtain written authorization from the Plaintiffs before altering or repairing the roof, failing to use reasonable care in maintaining the roof, failing to comply with each and every term or condition in the contract for said roof.

WHEREFORE, the Plaintiffs demand judgment against McActon II for breach of contract, damages, costs, and attorneys fees.

## COUNT IV
(Plaintiffs v. Breed, Inc. - Contribution)

49. The Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs as if the same were recited herein fully.

50. To the extent that the Plaintiffs are deemed to have participated in the alleged failure of the roofing system, liability for which is expressly denied, the Plaintiffs are entitled to contribution from Breed, Inc. as a joint tortfeasor.

51. If the Plaintiffs are liable to St. Paul, then Breed, Inc. must be held jointly liable.

WHEREFORE, the Plaintiffs demand judgment against Breed, Inc. for contribution pursuant to G.L. c. 231B.

## COUNT V
(Plaintiffs v. Breed, Inc. - Indemnity)

52. The Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs as if the same were recited herein fully.

53. To the extent that the Plaintiffs are deemed to have participated in the alleged failure of the roofing system, liability for which is expressly denied, the Plaintiffs are entitled to indemnification from Breed, Inc.

54. If the Plaintiffs are liable to St. Paul, then Breed, Inc. must indemnify the Plaintiffs where the Plaintiffs liability, if any, is purely derivative.

WHEREFORE, the Plaintiffs demand judgment against Breed, Inc. for indemnity, along with interests and costs.

## COUNT VI
(Plaintiffs v. Breed, Inc. – Breach of Contract)

55. The Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs as if the same were recited herein fully.

56. A contract, either express or implied exists between the Plaintiffs and Breed, Inc.

57. Breed, Inc. breached its obligations to the Plaintiffs pursuant to the contract between the parties including, but not limited to negligently maintaining, altering or repairing the roof which is the subject of this litigation, negligently failing to obtain written authorization from the Plaintiffs before altering or repairing the roof, failing to use reasonable care in

maintaining the roof, failing to comply with each and every term or condition in the implied or express contract for said roof.

WHEREFORE, the Plaintiffs demand judgment against Breed, Inc. for breach of contract, damages, costs, and attorneys fees.

## COUNT VII
(Plaintiffs v. Edens & Avant - Contribution)

58. The Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs as if the same were recited herein fully.

59. To the extent that the Plaintiffs are deemed to have participated in the alleged failure of the roofing system, liability for which is expressly denied, the Plaintiffs are entitled to contribution from Edens & Avant as a joint tortfeasor.

60. If the Plaintiffs are liable to St. Paul, then Edens & Avant must be held jointly liable.

WHEREFORE, the Plaintiffs demand judgment against Edens & Avant for contribution pursuant to G.L. c. 231B.

## COUNT VIII
(Plaintiffs v. Edens & Avant - Indemnity)

61. The Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs as if the same were recited herein fully.

62. To the extent that the Plaintiffs are deemed to have participated in the alleged failure of the roofing system, liability for which is expressly denied, the Plaintiffs are entitled to indemnification from Edens & Avant.

63. If the Plaintiffs are liable to St. Paul, then Edens & Avant must indemnify the Plaintiffs where the Plaintiffs' liability, if any, is purely derivative.

WHEREFORE, the Plaintiffs demand judgment against Edens & Avant for indemnity, along with interests and costs.

## COUNT IX
(Plaintiffs v. Samuels & Assoc. - Contribution)

64. The Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs as if the same were recited herein fully.

65. To the extent that the Plaintiffs are deemed to have participated in the alleged failure of the

roofing system, liability for which is expressly denied, the Plaintiffs are entitled to contribution from Samuels & Assoc, as joint tortfeasor.

66. If the Plaintiffs are liable to St. Paul, then Samuels & Assoc. must be held jointly liable.

WHEREFORE, the Plaintiffs demand judgment against Samuels & Assoc. for contribution pursuant to G.L. c. 231B.

## COUNT X
### (Plaintiffs v. Samuels & Assoc. - Indemnity)

67. The Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs as if the same were recited herein fully.

68. To the extent that the Plaintiffs are deemed to have participated in the alleged failure of the roofing system, liability for which is expressly denied, the Plaintiffs are entitled to indemnification from Samuels & Assoc.

69. If the Plaintiffs are liable to St. Paul, then Samuels & Assoc. must indemnify the Plaintiffs where the Plaintiffs' liability, if any, is purely derivative.

WHEREFORE, the Plaintiffs demand judgment against Samuels & Assoc. for indemnity, along with interests and costs.

## DEMAND FOR JUDGMENT

WHEREFORE, the Plaintiffs respectfully pray for judgment of this Court against the Defendants as outlined above, for the full amount of damages to which they are entitled, plus interest, fees, costs, and such other relief as the Court deems appropriate and just.

## JURY CLAIM

The Plaintiffs, Creanova, Inc. and HPG International, Inc. claim a trial by jury as to all counts of this Complaint.

THE PLAINTIFFS,
CREANOVA INC. AND
HPG INTERNATIONAL, INC.,
BY ITS ATTORNEYS,

Dated: 11/9/04

_____
Mark W. Shaughnessy, BBO# 567839
Jan M. Gould, BBO# 651536
Boyle, Morrissey & Campo, P.C.
25 Stuart Street
Boston, MA 02116
Telephone (617) 451-2000
Facsimile (617) 451-5775

\\boylc4\apps\WordDocs\Cases\4902\Pleadings\Complaint.doc

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Creanova Inc. and
HPG International, Inc.

**DEFENDANTS**
McActon II, Inc.; Breed Inc.; Edens &
Avant Northeast, Inc.; and
Samuels & Associates, Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** — Delaware Corporations w/ PPB in New Jersey
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Middlesex County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Mark W. Shaughnessy, Esq.
Jan M. Gould, Esq.
Boyle, Morrissey & Campo, P.C., 25 Stuart St.,
Boston, MA 02116 — (617) 451-2000

**ATTORNEYS (IF KNOWN)**
Kevin McGinty, Esq.;
David Hartigan, Esq.

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Contribution/Indemnity/Breach of Contract claims arising from allegedly defective roofing system.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 711,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE Young    DOCKET NUMBER 00CV10948(WGY) & 01-11835 (WGY)

**DATE** 11/10/04    **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **HPG v. HGActon**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   — I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   — II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
          *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   X III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   — IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   — V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   **Fireman's Fund v. HPG 00cv10948(WGY)   St. Paul v HPG 01-11835(WGY)**

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES   (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES   NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES   (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES   (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   (YES)   NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Jan M. Gould, Peabody & Arnold, Campo**
ADDRESS **25 Summer Street Boston MA 02110**
TELEPHONE NO. **617 451 2000**

(Cover sheet local.wpd - 11/27/00)