UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04 12385WGY

CREANOVA, INC. and
HPG INTERNATIONAL, INC.
Plaintiffs,
v.

MCACTON II, INC., a.k.a. M-ACTON II, INC.,
BREED INC., EDENS & AVANT
NORTHEAST, INC., a.k.a. E&A NORTHEAST,
L.P., a.k.a. EDENS & AVANT, INC., and
SAMUELS & ASSOCIATES, INC.
Defendants.

**JURY TRIAL DEMANDED**

## ANSWER OF EDENS & AVANT NORTHEAST, INC. TO COMPLAINT

NOW COMES the defendant, Edens & Avant Northeast, Inc. and answers the Complaint as follows:

### PARTIES

1.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

2.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

3.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and

accordingly, denies these allegations and demands proof thereof at the time of trial.

4.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

5.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

6.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

7.    Denied as stated.  It is admitted only that Edens & Avant Northeast, Inc. maintains a service agent at CT Corporation System at 101 Federal Street, Boston, Massachusetts.  The remaining allegations of this paragraph of the Complaint are denied.

8.    Denied as stated.  It is admitted only that on or about August 24, 1998, Edens & Avant Northeast, Inc. purchased 389 Massachusetts Avenue, Acton, Massachusetts.  The remaining allegations of this paragraph of the Complaint are denied.

9.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

10.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

## JURISDICTION AND VENUE

11.    Answering defendant states that this paragraph asserts a conclusion of law rather than factual allegations, therefore no response is required. To the extent the allegations contained in this paragraph are construed to be allegations of fact, they are denied.

12.    Answering defendant states that this paragraph asserts a conclusion of law rather than factual allegations, therefore no response is required. To the extent the allegations contained in this paragraph are construed to be allegations of fact, they are denied.

## FACTS

13.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

14.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

15.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

16.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial..

17.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

18.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

19.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

20.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

21.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

22.    Admitted.

23.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

24.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

25.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

26.    Answering defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

27.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

28.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

29.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

30.    Admitted.

31.    Denied as stated.  It is admitted only that Edens & Avant Northeast, Inc. entered into a Leasing and Management Agreement with Samuels & Associates.  The remaining allegations of this paragraph of the Complaint are denied.

32.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

33.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

34.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and

accordingly, denies these allegations and demands proof thereof at the time of trial.

35.    Denied.

36.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

37.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

38.    Denied.

39.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

COUNT I

40.    Answering defendant re-avers its answers to paragraphs 1-39 of the Complaint as if set forth fully herein.

41.    The allegations of this paragraph of the Complaint do not pertain to the answering defendant, and accordingly, no response is required.  To the extent the allegations in this paragraph of the Complaint are construed to pertain to the answering defendant, they are denied.

42.    The allegations of this paragraph of the Complaint do not pertain to the answering defendant, and accordingly, no response is required.  To the extent the allegations in this paragraph of the Complaint are construed to pertain to the answering defendant, they are denied.

## COUNT II

43.    Answering defendant re-avers its answers to paragraphs 1-42 of the Complaint as if set forth fully herein.

44.    The allegations of this paragraph of the Complaint do not pertain to the answering defendant, and accordingly, no response is required.  To the extent the allegations in this paragraph of the Complaint are construed to pertain to the answering defendant, they are denied.

45.    The allegations of this paragraph of the Complaint do not pertain to the answering defendant, and accordingly, no response is required.  To the extent the allegations in this paragraph of the Complaint are construed to pertain to the answering defendant, they are denied.

## COUNT III

46.    Answering defendant re-avers its answers to paragraphs 1-45 of the Complaint as if set forth fully herein.

47.    The allegations of this paragraph of the Complaint do not pertain to the answering defendant, and accordingly, no response is required.  To the extent the allegations in this paragraph of the Complaint are construed to pertain to the answering defendant, they are denied.

48.    The allegations of this paragraph of the Complaint do not pertain to the answering defendant, and accordingly, no response is required.  To the extent the allegations in this paragraph of the Complaint are construed to pertain to the answering defendant, they are denied.

## COUNT IV

49.    Answering defendant re-avers its answers to paragraphs 1-48 of the Complaint as if set forth fully herein.

50.    The allegations of this paragraph of the complaint do not pertain to the answering defendant, and accordingly, no response is required.  To the extent the allegations in this

paragraph of the Complaint are construed to pertain to the answering defendant, they are denied.

51.    The allegations of this paragraph of the Complaint do not pertain to the answering defendant, and accordingly, no response is required. To the extent the allegations in this paragraph of the Complaint are construed to pertain to the answering defendant, they are denied.

<u>COUNT V</u>

52.    Answering defendant re-avers its answers to paragraphs 1-51 of the Complaint as if set forth fully herein.

53.    The allegations of this paragraph of the Complaint do not pertain to the answering defendant, and accordingly, no response is required. To the extent the allegations in this paragraph of the Complaint are construed to pertain to the answering defendant, they are denied.

54.    The allegations of this paragraph of the Complaint do not pertain to the answering defendant, and accordingly, no response is required. To the extent the allegations in this paragraph of the Complaint are construed to pertain to the answering defendant, they are denied.

<u>COUNT VI</u>

55.    Answering defendant re-avers its answers to paragraphs 1-54 of the Complaint as if set forth fully herein.

56.    The allegations of this paragraph of the Complaint do not pertain to the answering defendant, and accordingly, no response is required. To the extent the allegations in this paragraph of the Complaint are construed to pertain to the answering defendant, they are denied.

57.    The allegations of this paragraph of the Complaint do not pertain to the answering defendant, and accordingly, no response is required. To the extent the allegations in this paragraph of the Complaint are construed to pertain to the answering defendant, they are denied.

## COUNT VII

58.    Answering defendant re-avers its answers to paragraphs 1-57 of the Complaint as if set forth fully herein.

59.    Denied.

60.    Denied.

## COUNT VIII

61.    Answering defendant re-avers its answers to paragraphs 1-60 of the Complaint as if set forth fully herein.

62.    Denied.

63.    Denied.

## COUNT IX

64.    Answering defendant re-avers its answers to paragraphs 1-63 of the Complaint as if set forth fully herein.

65.    The allegations of this paragraph of the Complaint do not pertain to the answering defendant, and accordingly, no response is required.  To the extent the allegations in this paragraph of the Complaint are construed to pertain to the answering defendant, they are denied.

66.    The allegations of this paragraph of the Complaint do not pertain to the answering defendant, and accordingly, no response is required.  To the extent the allegations in this paragraph of the Complaint are construed to pertain to the answering defendant, they are denied.

## COUNT X

67.    Answering defendant re-avers its answers to paragraphs 1-66 of the Complaint as if set forth fully herein.

68.    The allegations of this paragraph of the Complaint do not pertain to the answering

defendant, and accordingly, no response is required. To the extent the allegations in this paragraph of the Complaint are construed to pertain to the answering defendant, they are denied.

69.    The allegations of this paragraph of the Complaint do not pertain to the answering defendant, and accordingly, no response is required. To the extent the allegations in this paragraph of the Complaint are construed to pertain to the answering defendant, they are denied.

## DEMAND FOR JUDGMENT

WHEREFORE, Edens & Avant Northeast, Inc. respectfully requests that the court enter judgment in its favor, dismissing all claims of Plaintiffs against Edens & Avant Northeast, Inc. with prejudice and awarding to Edens & Avant Northeast, Inc. its costs and attorneys fees, with interest, and such other relief as the court deems just.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction over this action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiffs have settled or should hereafter settle for any of their alleged damages with any parties, then Edens & Avant Northeast, Inc. is entitled to a credit in the amount of said settlement.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damages, which are denied, then those damages were caused by a person or persons for whose actions Edens & Avant Northeast, Inc. cannot be held liable.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have waived any claims they may have had against Edens & Avant Northeast, Inc.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages and therefore are barred from recovery.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the contributing fault of Plaintiffs, which fault is greater than that of Edens & Avant Northeast, Inc.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as the injuries and damages suffered by Plaintiffs were not due to any act or failure to act of Edens & Avant Northeast, Inc., but rather were caused solely by the acts of a third party or parties for whose acts or failures to act Edens & Avant Northeast, Inc. is not responsible and over whom Edens & Avant Northeast, Inc. had neither control nor the right of control.

## ELEVENTH AFFIRMATIVE DEFENSE

The complaint should be dismissed for failure to join indispensable parties.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiffs claims are barred by the economic loss doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiffs claims for contribution are barred due to their failure to allege and

demonstrate a release of all claims in favor of the defendant, Edens & Avant, Inc., and thus, no right to contribution exists as a matter of law.

## FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiffs claims are barred by res judicata and/or collateral estoppel as these same parties in interest were involved in a prior litigation arising out of the same transaction and occurrence, and the plaintiffs in the instant action failed to raise compulsory claims in the prior proceeding, and are now barred from so doing.

## FIFTEENTH AFFIRMATIVE DEFENSE

No right to indemnity exists as a matter of law as there is no express or implied agreement for indemnification, nor does common law indemnification apply. In addition, the indemnity claim is barred by the applicable statute of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

Edens & Avant Northeast, Inc. reserves the right to amend this filing to assert any and all applicable affirmative defenses which discovery may reveal appropriate.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Edens & Avant Northeast, Inc. adopts such other defenses raised by any other Defendant as may be applicable.

## CROSS CLAIMS DIRECTED TO MCACTON II, INC. A/K/A M-ACTON II, INC.

### COUNT I - CONTRIBUTION

1.    The cross-claimant incorporates the allegations contained in the plaintiffs' complaint and its answers thereto as if set forth fully herein.

2.    If the allegations of the plaintiffs' complaint or certain of them are proven true and correct, the existence of any liability on the part of cross-claimant being hereby expressly denied, then the plaintiffs' damages are solely or substantially the result of the actions or omissions of the defendant, McActon II, Inc. a.k.a M-Acton II, Inc.

3.    Accordingly, the cross-claimant respectfully avers that the defendant, McActon II, Inc. a.k.a M-Acton II, Inc., is solely liable to the plaintiffs, jointly and severally liable with cross-claimant or liable over to cross-claimants by way of contribution, and accordingly, judgment should be entered in favor of cross-claimant against McActon II, Inc. a.k.a M-Acton II, Inc., pursuant to M.G.L. c. 231B for all sums which may be awarded against or incurred by cross-claimant in this matter.

### COUNT II - INDEMNIFICATION

1.    The cross-claimant incorporates the allegations contained in the plaintiffs' complaint and its answers thereto as if set forth fully herein.

2.    If the allegations of the plaintiffs' complaint or certain of them are proven true and correct, the existence of any liability on the part of cross-claimant being hereby expressly denied, then the plaintiffs' damages are solely or substantially the result of the actions or omissions of the defendant, McActon II, Inc. a.k.a M-Acton II, Inc.

3.    Accordingly, the cross-claimant respectfully avers that the defendant, McActon II, Inc. a.k.a M-Acton II, Inc., is solely liable to the plaintiffs by way of indemnification, and

accordingly, judgment should be entered in favor of cross-claimant against McActon II, Inc. a.k.a M-Acton II, Inc., for all sums which may be awarded against or incurred by cross-claimants in this matter.

## CROSS CLAIMS DIRECTED TO BREED, INC.

### COUNT I - CONTRIBUTION

1.    The cross-claimant incorporates the allegations contained in the plaintiffs' complaint and its answers thereto as if set forth fully herein.

2.    If the allegations of the plaintiffs' complaint or certain of them are proven true and correct, the existence of any liability on the part of cross-claimant being hereby expressly denied, then the plaintiffs' damages are solely or substantially the result of the actions or omissions of the defendant, Breed, Inc.

3.    Accordingly, the cross-claimant respectfully avers that the defendant, Breed, Inc., is solely liable to the plaintiffs, jointly and severally liable with cross-claimant or liable over to cross-claimants by way of contribution, and accordingly, judgment should be entered in favor of cross-claimant against Breed, Inc., pursuant to M.G.L. c. 231B for all sums which may be awarded against or incurred by cross-claimant in this matter.

### COUNT II - INDEMNIFICATION

1.    The cross-claimant incorporates the allegations contained in the plaintiffs' complaint and its answers thereto as if set forth fully herein.

2.    If the allegations of the plaintiffs' complaint or certain of them are proven true and correct, the existence of any liability on the part of cross-claimant being hereby expressly denied, then the plaintiffs' damages are solely or substantially the result of the actions or omissions of the defendant, Breed, Inc.

3.    Accordingly, the cross-claimant respectfully avers that the defendant, Breed, Inc., is solely liable to the plaintiffs by way of indemnification, and accordingly, judgment should be entered in favor of cross-claimant against Breed, Inc., for all sums which may be awarded against or incurred by cross-claimants in this matter.

**THE DEFENDANT/CROSS-CLAIMANT DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Respectfully Submitted,

EDENS & AVANT NORTHEAST, INC.
BY ITS ATTORNEYS
COGAVIN AND WAYSTACK

_1/7/05_
Date

Mark A. Darling, B.B.O. #: 551285
Bethany P. Minich, B.B.O. #: 648163
Two Center Plaza
Boston, Massachusetts 02108
(617) 742-3340

<u>CERTIFICATE OF SERVICE</u>

I, Mark A. Darling, hereby certify that on January 7, 2005, I served the within document by first class mail, postage prepaid, to the following:

Mark W. Shaugnessy, Esquire
Boyle, Morrissey & Campo, P.C.
25 Stuart Street
Boston, MA 02116

David M. Hartigan, Esquire
Sloane & Walsh
Three Center Plaza
Boston, MA 02108

Breed, Inc.
12 Pond Lane, EB2S
Concord, MA 01742

M-Acton II, Inc.
6 Main Street
Natick, MA 01760

Mark A. Darling