UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 04-CV-12385WGY

| | |
|---|---|
| CREANOVA, INC., and | ) |
| HPG INTERNATIONAL, INC., | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| MCACTON II, INC. a/k/a | ) |
| M-ACTON II, INC., BREED, INC., | ) |
| EDENS & AVANT NORTHEAST, INC. a/k/a | ) |
| E&A NORTHEAST, L.P. a/k/a | ) |
| EDENS & AVANT, INC., and | ) |
| SAMUELS AND ASSOCIATES, INC., | ) |
| Defendants | ) |

## DEFENDANT SAMUELS AND ASSOCIATES, INC.'S ANSWER, CROSSCLAIMS, AND JURY TRIAL DEMAND

### FIRST DEFENSE

The plaintiffs' complaint fails to state claims against Samuels and Associates, Inc.

("S&A") upon which relief can be granted and must be dismissed pursuant to Fed. R.

Civ. P. 12(b)(6).

### SECOND DEFENSE

S&A hereby responds to the separately-numbered paragraphs of plaintiffs'

complaint as follows:

#### Parties

1.    S&A is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in this paragraph.

2.    S&A is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in this paragraph.

963769v1

3.    S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

4.    S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

5.    S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

6.    S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

7.    S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

8.    S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

9.    S&A admits that it was a commercial property investment and management corporation organized in Massachusetts on or about March 8, 1993, but denies the remainder of the allegations set forth in this paragraph as it was dissolved on or about December 26, 2000.

10.   S&A objects to the terminology "at all times material hereto" and "regularly and systematically" as alleged insofar as such terminology is vague, ambiguous, and overly broad. S&A admits only that it was a commercial property investment and management corporation organized in Massachusetts on or about March 8, 1993 and dissolved on or about December 26, 2000, and denies the remainder of the allegations set forth in this paragraph.

963769v1

Jurisdiction and Venue

11.    The allegations in this paragraph call for a conclusion of law and, as such, no response is required.

12.    The allegations in this paragraph call for a conclusion of law and, as such, no response is required.

Facts

13.    S&A objects to the terminology "at all times material hereto" as alleged insofar as such terminology is vague, ambiguous, and overly broad.    Otherwise, S&A admits the allegations set forth in this paragraph.

14.    S&A objects to the terminology "at all times material hereto" and "controlled and operated" as alleged insofar as such terminology is vague, ambiguous, and overly broad, and calls for a conclusion of law and, as such, no response is required.    To the extent a response is deemed required, S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations relative to McActon II, and admits that in or about August 1998 and thereafter Edens & Avant or some form thereof owned the subject premises.

15.    S&A objects to the terminology "at all times material hereto" and "controlled and operated" as alleged insofar as such terminology is vague, ambiguous, and overly broad, and calls for a conclusion of law and, as such, no response is required.    To the extent a response is deemed required, S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations relative to Breed, Inc., and admits only that in and before August 1998 S&A managed the subject premises for a certain period of time.

963769v1

16.     The contract as alleged in this paragraph is a document which speaks for itself and, as such, no response is required.   To the extent a response is deemed required, S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

17.     The contract as alleged in this paragraph is a document which speaks for itself and, as such, no response is required.   To the extent a response is deemed required, S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

18.     The contract as alleged in this paragraph is a document which speaks for itself and, as such, no response is required.   To the extent a response is deemed required, S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

19.     The correspondence as alleged in this paragraph is a document which speaks for itself and, as such, no response is required.   To the extent a response is deemed required, S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

20.     The correspondence as alleged in this paragraph is a document which speaks for itself and, as such, no response is required.   To the extent a response is deemed required, S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

21.     S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

4

22.  Upon information and belief, S&A admits that in or around early 1998 negotiations began for the sale of the subject premises to Edens & Avant or some form thereof.

23.  Upon information and belief, S&A admits that at some point in time prior to the purchase of the subject premises, someone for or on behalf of Edens & Avant or some form thereof conducted an inspection of the subject premises, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in this paragraph.

24.  Upon information and belief, S&A admits that at some point in time prior to the purchase of the subject premises, someone for or on behalf of Edens & Avant or some form thereof conducted an inspection of the subject premises, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in this paragraph.

25.  The correspondence as alleged in this paragraph is a document which speaks for itself and, as such, no response is required.  To the extent a response is deemed required, S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

26.  S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

27.  The correspondence as alleged in this paragraph is a document which speaks for itself and, as such, no response is required.  To the extent a response is deemed required, S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

963769v1

28. The correspondence as alleged in the first sentence of this paragraph is a document which speaks for itself and, as such, no response is required. To the extent a response is deemed required, S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph. S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of this paragraph, but denies that it received any notification letter from Breed or HPG.

29. S&A denies the allegations set forth in this paragraph.

30. S&A admits that on or about August, 1998, Edens & Avant or some form thereof acquired the subject premises.

31. S&A admits that it was a commercial property investment and management corporation on or about August, 1998, but denies the remainder of the allegations set forth in this paragraph.

32. The warranty as alleged in this paragraph is a document which speaks for itself and, as such, no response is required. To the extent a response is deemed required, S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

33. S&A objects to the terminology "sudden failure" as alleged insofar as such terminology is vague, ambiguous, and overly broad. Upon information and belief, S&A admits that on or about January 9, 1999, the roofing surface of the subject premises shattered and, as a result, Ames suffered certain damages, but is

without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in this paragraph.

34. St. Paul's Civil Action as alleged in this paragraph is a document which speaks for itself and, as such, no response is required. To the extent a response is deemed required, S&A denies that it is liable to any party as a joint tortfeasor.

35. S&A objects to the allegations set forth in this paragraph insofar as they are vague, ambiguous, and overly broad, and call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, S&A denies that it is liable to any party as a joint tortfeasor.

36. The allegations set forth in this paragraph call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

37. The allegations set forth in this paragraph call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

38. The allegations set forth in this paragraph call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

963769v1

39.    The allegations set forth in this paragraph call for a conclusion of law and, as such, no response is required.  To the extent a response is deemed required, S&A denies the allegations set forth in this paragraph.

## Causes of Action

### Count I  (Plaintiffs v. McActon II – Contribution)

40.    S&A repeats and realleges its responses to the allegations set forth in paragraphs 1 through 39 as if fully set forth herein.

41.    The allegations in this paragraph are directed to another party and otherwise call for a conclusion of law and, as such, no response is required.

42.    The allegations in this paragraph are directed to another party and otherwise call for a conclusion of law and, as such, no response is required.

### Count II  (Plaintiffs v. McActon II – Indemnity)

43.    S&A repeats and realleges its responses to the allegations set forth in paragraphs 1 through 42 as if fully set forth herein.

44.    The allegations in this paragraph are directed to another party and otherwise call for a conclusion of law and, as such, no response is required.

45.    The allegations in this paragraph are directed to another party and otherwise call for a conclusion of law and, as such, no response is required.

### Count III  (Plaintiffs v. McActon II – Breach of Contract)

46.    S&A repeats and realleges its responses to the allegations set forth in paragraphs 1 through 45 as if fully set forth herein.

47.    The contract as alleged in this paragraph is a document which speaks for itself and, as such, no response is required.  To the extent a response is deemed

8

963769v1

required, S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

48.    The allegations in this paragraph are directed to another party and otherwise call for a conclusion of law and, as such, no response is required.

### Count IV  (Plaintiffs v. Breed, Inc. – Contribution)

49.    S&A repeats and realleges its responses to the allegations set forth in paragraphs 1 through 48 as if fully set forth herein.

50.    The allegations in this paragraph are directed to another party and otherwise call for a conclusion of law and, as such, no response is required.

51.    The allegations in this paragraph are directed to another party and otherwise call for a conclusion of law and, as such, no response is required.

### Count V  (Plaintiffs v. Breed, Inc. – Indemnity)

52.    S&A repeats and realleges its responses to the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

53.    The allegations in this paragraph are directed to another party and otherwise call for a conclusion of law and, as such, no response is required.

54.    The allegations in this paragraph are directed to another party and otherwise call for a conclusion of law and, as such, no response is required.

### Count VI  (Plaintiffs v. Breed, Inc. – Breach of Contract)

55.    S&A repeats and realleges its responses to the allegations set forth in paragraphs 1 through 54 as if fully set forth herein.

56.    The contract as alleged in this paragraph is a document which speaks for itself and, as such, no response is required.  To the extent a response is deemed

963769v1

9

required, S&A is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

57. The allegations in this paragraph are directed to another party and otherwise call for a conclusion of law and, as such, no response is required.

Count VII  (Plaintiffs v. Edens & Avant – Contribution)

58. S&A repeats and realleges its responses to the allegations set forth in paragraphs 1 through 57 as if fully set forth herein.

59. The allegations in this paragraph are directed to another party and otherwise call for a conclusion of law and, as such, no response is required.

60. The allegations in this paragraph are directed to another party and otherwise call for a conclusion of law and, as such, no response is required.

Count VIII  (Plaintiffs v. Edens & Avant – Indemnity)

61. S&A repeats and realleges its responses to the allegations set forth in paragraphs 1 through 60 as if fully set forth herein.

62. The allegations in this paragraph are directed to another party and otherwise call for a conclusion of law and, as such, no response is required.

63. The allegations in this paragraph are directed to another party and otherwise call for a conclusion of law and, as such, no response is required.

Count IX  (Plaintiffs v. Samuels & Assoc. – Contribution)

64. S&A repeats and realleges its responses to the allegations set forth in paragraphs 1 through 63 as if fully set forth herein.

963769v1

65.   The allegations set forth in this paragraph call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, S&A denies the allegations set forth in this paragraph.

66.   The allegations set forth in this paragraph call for a conclusion of law and, as such, no response is required. To the extent a response is deemed required, S&A denies the allegations set forth in this paragraph.

WHEREFORE, S&A respectfully requests that this Court enter judgment in favor of S&A on Count IX of the plaintiffs' complaint, and award S&A its costs, attorneys' fees, plus such other relief as this Court deems just and appropriate.

## Count X  (Plaintiffs v. Samuels & Assoc. – Indemnity)

67.   S&A repeats and realleges its responses to the allegations set forth in paragraphs 1 through 66 as if fully set forth herein.

68.   The allegations in this paragraph for a conclusion of law and, as such, no response is required.  To the extent a response is deemed required, S&A denies the allegations set forth in this paragraph.

69.   The allegations in this paragraph for a conclusion of law and, as such, no response is required.  To the extent a response is deemed required, S&A denies the allegations set forth in this paragraph.

WHEREFORE, S&A respectfully requests that this Court enter judgment in favor of S&A on Count IX of the plaintiffs' complaint, and award S&A its costs, attorneys' fees, plus such other relief as this Court deems just and appropriate.

## THIRD DEFENSE

The plaintiffs cannot recover against S&A to the extent the provisions of M.G.L. c. 156D, including but not limited to §§14.05 – 14.09 of that statute, apply and preclude the plaintiffs' cause of action, filed on or about November 10, 2004, against S&A, which was dissolved on or about December 26, 2000.

## FOURTH DEFENSE

The plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) for insufficiency of process.

## FIFTH DEFENSE

The plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

## SIXTH DEFENSE

The plaintiffs' complaint should be dismissed since their claims are barred by the statute of repose as set forth in M.G.L. c. 260, §2B, insofar as the protections provided by that statute, which the plaintiffs had available to them as a defense to, and which barred, St. Paul's and Ames' negligence claims brought against the plaintiffs on or about October 25, 2001, likewise operate as a defense to and bar of the plaintiffs' present negligence-based claims for contribution and indemnification against S&A.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## EIGHTTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

12

## NINTH DEFENSE

The negligence of the plaintiffs was greater than the alleged negligence of S&A and such negligence of the plaintiffs contributed to their alleged damages and, therefore, the plaintiffs are barred from recovery under M.G.L. c. 231, §85.

## TENTH DEFENSE

The plaintiffs were guilty of contributory negligence and the damages, if any, recovered by the plaintiffs from S&A should be reduced in proportion to the said negligence of plaintiffs in accordance with M.G.L. c. 231, §85.

## ELEVENTH DEFENSE

Plaintiffs are not entitled to contribution against S&A under M.G.L. c. 231B.

## TWELFTH DEFENSE

The plaintiffs, by their own conduct and actions, are estopped to recover any judgment against S&A.

## THIRTEENTH DEFENSE

The plaintiffs, by their own conduct and actions, have waived any and all rights they may have had against S&A, and, therefore, the plaintiffs cannot recover in this action.

## FOURTEENTH DEFENSE

If the plaintiffs suffered damages, as alleged, such damages were caused by someone for whose conduct S&A was not and is not legally responsible.

963769v1

## FIFTEENTH DEFENSE

The plaintiffs cannot recover in this action against S&A because S&A did not owe any duties to the plaintiffs or Ames, and, even if S&A did, any duties S&A owed were performed fully and properly.

## SIXTEENTH DEFENSE

The plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) to the extent it has failed to join parties under Rule 19.

## SEVENTEENTH DEFENSE

The plaintiffs' claims fail because no act or omission by S&A was a proximate cause of any damages allegedly sustained by the plaintiffs.

## EIGHTEENTH DEFENSE

Since S&A did not have actual or constructive notice of the alleged condition of the roof, recovery against S&A is barred.

## NINETEENTH DEFENSE

Plaintiffs are barred from recovery to the extent there has been a release and/or an accord and satisfaction.

## TWENTIETH DEFENSE

The plaintiffs are barred from recovery, or any alleged damages must be reduced, on account of plaintiffs' failure to mitigate their alleged damages.


WHEREFORE, S&A respectfully requests that this Court dismiss the plaintiffs' complaint, enter judgment in favor of S&A, and award S&A its costs, attorneys' fees, plus such other relief as this Court deems just and appropriate.

963769v1

## DEFENDANT SAMUELS AND ASSOCIATES, INC.'S CROSSCLAIMS

1.     To the extent that it is determined that S&A, although dissolved, has the capacity
to be sued in this matter, and without waiving any of the affirmative defenses
raised above which preclude recovery against S&A, S&A brings the following
cross-claims:

### Count I (S&A v. Breed, Inc. – Contribution)

2.     If S&A is found liable to the plaintiffs for damages, which S&A expressly
contends it should not be, such damages resulted in whole or in part from the
negligence of Breed, Inc.

3.     Breed, Inc. is thus a joint tortfeasor from whom S&A, if found liable, will be
entitled to contribution pursuant to M.G.L. c. 231B.

WHEREFORE, S&A demands a judgment for contribution against Breed, Inc.
with respect to any judgment entered in favor of the plaintiffs and against S&A, and
respectfully requests that this Court award S&A its costs, expenses and attorneys' fees
incurred in this action and such further relief as this Court deems just and proper.

### Count II (S&A v. Breed, Inc. – Common Law Indemnification)

4.     If S&A is found liable to the plaintiffs for damages, which S&A expressly
contends it should not be, such damages resulted entirely from the negligence of
Breed, Inc.

5.     Since S&A's liability, which is denied, would be solely derivative from Breed,
Inc.'s negligence, S&A is entitled to indemnification from Breed, Inc.

963769v1

WHEREFORE, S&A demands a judgment for indemnification against Breed, Inc. with respect to any judgment entered in favor of the plaintiffs and against S&A, and respectfully requests that this Court award S&A its costs, expenses and attorneys' fees incurred in this action and such further relief as this Court deems just and proper.

Count III (S&A v. Edens & Avant Northeast, Inc.
a/k/a E&A Northeast L.P. a/k/a Edens & Avant, Inc. – Contribution)

6.    If S&A is found liable to the plaintiffs for damages, which S&A expressly contends it should not be, such damages resulted in whole or in part from the negligence of Edens & Avant Northeast, Inc. a/k/a E&A Northeast L.P. a/k/a Edens & Avant, Inc. ("Edens & Avant").

7.    Edens & Avant is thus a joint tortfeasor from whom S&A, if found liable, will be entitled to contribution pursuant to M.G.L. c. 231B.

WHEREFORE, S&A demands a judgment for contribution against Edens & Avant with respect to any judgment entered in favor of the plaintiffs and against S&A, and respectfully requests that this Court award S&A its costs, expenses and attorneys' fees incurred in this action and such further relief as this Court deems just and proper.

Count IV (S&A v. Edens & Avant. – Common Law Indemnification)

8.    If S&A is found liable to the plaintiffs for damages, which S&A expressly contends it should not be, such damages resulted entirely from the negligence of Edens & Avant.

9.    Since S&A's liability, which is denied, would be solely derivative from Edens & Avant's negligence, S&A is entitled to indemnification from Edens & Avant.

963769v1

WHEREFORE, S&A demands a judgment for indemnification against Edens & Avant with respect to any judgment entered in favor of the plaintiffs and against S&A, and respectfully requests that this Court award S&A its costs, expenses and attorneys' fees incurred in this action and such further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

S&A demands a trial by jury as to all issues, defenses, and cross-claims, to which it is entitled as a matter of right.

Respectfully submitted,
Samuels & Associates, Inc.,
By its Attorneys,

Edwin F. Landers, Jr., BBO#559360
Scott A. Bell, BBO#628944
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Date: May 6, 2005

## CERTIFICATE OF SERVICE

I, Scott A. Bell, hereby certify that a true and accurate copy of the foregoing DEFENDANT SAMUELS AND ASSOCIATES, INC.'S ANSWER, CROSSCLAIMS, AND JURY TRIAL DEMAND, was served via first-class mail, postage prepaid, on May 6, 2005, upon:

Mark W. Shaughnessy, Esq.
Jan M. Gould, Esq.
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue, 11th Floor
Boston, MA 02111

Joseph C. Steinkrauss, Esq.
363 Massachusetts Avenue
Lexington, MA 02420

Mark A. Darling, Esq.
Bethany P. Minich, Esq.
Cogavin and Waystack
Two Center Plaza
Boston, MA 02108

Scott A. Bell

17

963769v1